## ANDERSON *v.* THORNTON.

GILBERT, J. This is a suit to cancel a deed on the ground of fraud and undue influence, and because no consideration passed. The plaintiff alleges that she had confidence in her brother, and believed that he would carry out his promises to hold title to the property for her benefit and pay to her one half of the rents received therefrom, and thus make her secure against the loss of the same through her husband. The defendant denied these allegations, and alleged that the deed was made freely and voluntarily by his sister in settlement of a pre-existing indebtedness due by her to him, and that this was the consideration for the deed. The jury returned a verdict for the defendant. The plaintiff made a motion for new trial on the general grounds, and afterwards amended by alleging error because the court charged the jury as follows: "I charge you that a party on the discovery of the fraud, that is, where he seeks to set aside the contract for fraud, on the discovery of the fraud must act at once to set the contract aside." Movant insists that the charge is contrary to law; and that it virtually charged the plaintiff out of court, because suit had not been filed immediately on discovering the fraud. *Held:*

1. The general grounds of the motion for new trial were not argued or mentioned in the brief of the plaintiff in error, and accordingly they are considered as abandoned.

2. Under a fair. construction of the charge excepted to, the words "must act at once" do not mean that the plaintiff must file suit at once, but that it was incumbent upon her to act in some manner to put the defendant upon notice that she had repudiated her act in executing the deed, and that she demanded a reconveyance. While the charge is not entirely beyond criticism, as a charge that the plaintiff must act promptly would have been more accurate, the charge as given is not ground for reversal under the facts of the case; for, while fraud is alleged, there is no evidence to sustain that allegation.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result.

No. 2094. FEBRUARY 17, 1921.

Equitable petition.   Before Judge Hodges.   Elbert superior court.   May 1, 1920.

*Grogan & Payne,* for plaintiff.

*Worley & Nall,* for defendant.